| | |
|---|---|
| STATE OF NORTH CAROLINA | FILED IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| GUILFORD COUNTY | 2021 NOV 19 A 11: 48  21 CVS 9416 |
| SARAH BRADDY, | GUILFORD CO., C.S.C. |
| Plaintiff, | BY |
| v. | **COMPLAINT** (Jury Trial Demanded) |
| OLLIE'S BARGAIN OUTLET, INC., | |
| Defendants. | |

NOW COMES Plaintiff, Sarah Braddy, by and through the undersigned counsel, and hereby complains of Defendant Ollie's Bargain Outlet, Inc. and says as follows:

1. Plaintiff Sarah Braddy (hereinafter "Ms. Braddy") is and at all times relevant to this matter has been a competent adult citizen and resident of Guilford County, North Carolina.

2. Upon information and belief, Defendant Ollie's Bargain Outlet, Inc. (hereinafter "Ollie's Bargain Outlet") is a domesticated corporation with its principal place of business in Pennsylvania and which is registered to do business and actively doing business in Guilford County, North Carolina.

3. This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this Court.

## FACTS

4. Defendant owns and operates Ollie's Bargain Outlet retail discount stores.

5. Defendant owns and operates, and at all times relevant to this action has owned and operated, the Ollie's Bargain Outlet located at 1314 Bridford Parkway, Greensboro, Guilford County, North Carolina.

1

6. On or about November 30, 2018, Ms. Braddy was shopping at the above-referenced Ollie's Bargain Outlet.

7. At all times while Ms. Braddy was shopping at the above-referenced Ollie's Bargain Outlet on November 30, 2018, she behaved in a normal, customary, and reasonable manner.

8. At approximately 4:30 P.M. on November 30, 2018, after Ms. Braddy finished purchasing a space heater from Ollie's Bargain Outlet, she proceeded to her car, a 2013 Kia Optima, which was parked in the parking lot in front of Ollie's Bargain Outlet.

9. As part of the services offered when shopping at Ollie's Bargain Outlet, an employee of Ollie's Bargain Outlet accompanied Ms. Braddy to her motor-vehicle to assist with loading the space heater into Ms. Braddy's vehicle.

10. At that time, the space heater was sitting in a shopping cart with Ms. Braddy and the Ollie's Bargain Outlet employee standing on opposite sides of the shopping cart.

11. At that time, Ms. Braddy and the Ollie's Bargain Outlet employee were standing next to and either were in contact or were in close contact with Ms. Braddy's motor-vehicle.

12. At that time, the shopping cart was within the control of the Ollie's Bargain Outlet employee that accompanied Ms. Braddy to her vehicle.

13. When the Ollie's Bargain Outlet employee lifted the space heater out of the shopping cart and turned to place the space heater inside of Ms. Braddy's motor-vehicle, the shopping cart knocked Ms. Braddy onto the ground causing her serious and painful injuries.

14. The shopping cart suddenly and without warning knocked Ms. Braddy off-balance causing her to fall.

15. The Ollie's Bargain Outlet employee failed to properly secure the shopping cart so

that it would not move to collide with Ms. Braddy prior to picking up the space heater.

16. The Ollie's Bargain Outlet employee failed to warn Ms. Braddy that the shopping cart would hit her as he removed the space heater from the shopping cart.

17. The Ollie's Bargain Outlet employee failed to ensure that it was safe to remove the space heater from the shopping cart before doing so.

18. There was no reason or justification for Ollie's Bargain Outlet's failure to warn Ms. Braddy that the shopping cart would hit her.

19. There was no reason or justification for Ollie's Bargain Outlet's failure to secure the shopping cart prior to removing the space heater from the shopping cart.

20. There was no reason or justification for Ollie's Bargain Outlet's failure to ensure that Ms. Braddy was in a safe location, relative to the shopping cart, prior to removing the space heater from the shopping cart.

21. Due to the actions and/or omissions of Ollie's Bargain Outlet as described herein, Ms. Braddy sustained serious, painful, and permanent injuries at Defendant Ollie's Bargain Outlet's store on November 30, 2018.

## CAUSE OF ACTION – NEGLIGENCE

22. Plaintiff realleges and reincorporates the previous paragraphs of this Complaint.

23. Ms. Braddy was a lawful customer at Defendant's store located at 1314 Bridford Parkway, Greensboro, Guilford County, North Carolina at the time of the incident.

24. On November 30, 2018, Defendant had a duty to take reasonable measures to avoid injury to persons at its Ollie's Bargain Outlet retail discount store.

25. On November 30, 2018, Defendant was careless and negligent by failing to take reasonable or proper measures to prevent injuries to customers of that store, including Plaintiff.

26. On November 30, 2018, Defendant was careless and negligent when it knocked a shopping cart into Ms. Braddy which caused her to fall and sustain serious and painful injuries.

27. On November 30, 2018, Defendant was careless and negligent by failing to do the following: placing the shopping cart in a position that would prevent it from colliding with Ms. Braddy; ensuring that Ms. Braddy was in a safe location prior to removing the space heater from the shopping cart; warning Ms. Braddy that the shopping would hit her once the space heater was removed; ensuring that the shopping cart was on level ground prior to removing the space heater; or otherwise taking any action to prevent or mitigate the risk Defendant was aware of that the shopping cart would hit Ms. Braddy.

28. Defendant should have reasonably foreseen that its failure to take any timely, reasonable, or proper measures, as described herein, would cause injury to its customers, including Ms. Braddy.

29. Defendant made the willful and wanton decision to do nothing to protect its customers, including Ms. Braddy, when it knew that such failure was extremely likely to lead to customers sustaining injuries and incurring damages.

30. The negligence of Defendant was the proximate cause of Ms. Braddy sustaining serious, painful, and permanent injuries.

31. If Defendant had exercised reasonable care and adopted reasonable practices for securing its shopping carts when accompanying customers to their vehicles, Ms. Braddy would not have sustained the serious injuries that she did.

32. As a direct, foreseeable, and proximate result of Defendant's negligence and gross negligence, Ms. Braddy suffered damages, including medical expenses, pain and suffering, permanent injury, and other damages to be proven at the trial of this matter.

33. As a direct and proximate result of Defendant's negligence and gross negligence, Ms. Braddy has incurred damages in an amount in excess of $25,000.

34. While Ms. Braddy denies that she was negligent in any respect during or in connection with the incident in question, she hereby pleads that to the extent Defendant contends she was negligent, Defendant placed her in a position of peril from which she could not escape created by the sudden removal of the space heater without warning her or securing the shopping cart.

35. Defendant knew of Ms. Braddy's peril in her positioning in proximity to the shopping cart prior to the Ollie's Bargain Outlet employee removing the space heater from the shopping cart.

36. Defendant had the time and means to take action to prevent Ms. Braddy's injuries, as described herein, but Defendant carelessly and negligently failed to do so despite having adequate time and means to take appropriate action so as to remedy the dangerous situation and prevent injury to Ms. Braddy.

37. Plaintiff pleads and asserts the doctrine of last clear chance.

38. Plaintiff hereby makes demand for uninsured/underinsured motorist (UM/UIM) coverage through her policy of insurance with unnamed Defendant State Farm.

39. Plaintiff hereby makes demand to resolve her claim for UM/UIM proceeds through arbitration, pursuant to her policy of insurance with unnamed Defendant State Farm.

WHEREFORE, Plaintiff prays the Court orders as follows:

1. That Plaintiff have and recover damages against Defendant Ollie's Bargain Outlet, Inc. in an amount in excess of $25,000, to be proven at trial.

2. That Plaintiff shall recover all such costs, interest, and attorney's fees as are permitted

by law;

3. For arbitration with unnamed Defendant

4. That Plaintiff have a trial by jury on all issues so triable; and

5. That Plaintiff have all such other and further relief as may be just and proper, in the discretion of this Honorable Court.

This the 19th day of November, 2021.

PINTO COATES KYRE & BOWERS, PLLC

*signature*

Matthew J. Millisor
N.C. State Bar # 50881
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336)282-8848
Facsimile: (336)282-8409
*Attorney for Plaintiff*